Deborah Sanzaro and Michael Sanzaro
3609 Inverness Grove Ave.
North Las Vegas, NV 89081
(702) 888-3699
Plaintiffs In Proper Person

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 27 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT
For the District of Nevada

DEBORAH SANZARO and
MICHAEL SANZARO,
                Plaintiffs,

vs

BENEFITCONNECT | COBRA and
DOES 1 through 5.
                Defendants.

2:16-cv-02260-RFB-NJK

PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR IMPROPER TERMINATION OF COBRA BENEFITS, BREACH OF FEDERAL AND NEVADA STATUTES, BREACH OF CONTRACT AND NEGLIGENCE COMMITTED AGAINST PLAINTIFFS

PLAINTIFF'S DEBORAH SANZARO and MICHAEL SANZARO, for causes of action against DEFENDANTS BENEFITCONNECT/COBRA and DOES 1 through 5, submits the following Complaint.

GENERAL ALLEGATIONS

1.    Plaintiffs Deborah and Michael Sanzaro, were at all times relevant herein, a resident of the State of Nevada, County of Clark. Plaintiffs resident address is 3609 Inverness Grove Avenue, North Las Vegas, Nevada, 89081.

2.    Plaintiffs are informed and believe, and thereupon allege, that defendant BenefitConnect | Cobra is at all times herein mentioned a corporation licensed to do and doing business in Clark County, Nevada.

3.    Plaintiffs are informed and believe, and thereupon allege, that defendants are legally responsible in some manner for the matters herein alleged, and are legally responsible in some

manner for causing the injuries and damages to plaintiffs as hereinafter alleged.

4.  Plaintiffs are informed and believe, and thereupon allege, that defendant BenefitConnect | Cobra mailing addresss is:   P.O. Box 1185

   Pittsburgh, PA 15230   (877) 29-26272

5.  Plaintiffs do not know the true names or legal capacities of defendants sued herein as Does 1 through 5 and therefore sue said defendants by such fictitious names.

6.  Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the matters herein alleged, and is legally responsible in some manner for causing the injuries and damages to plaintiffs as hereinafter alleged.

7.  Plaintiffs are informed and believe and thereupon allege, that each defendant, whether specifically named or designated herein as a DOE, was the agent, representative, servant, employee, principle, joint venturer, co-conspirator, management company and/or representative of each of the remaining co-defendants, and in doing the acts hereinafter alleged, was acting within the course and scope of said agency, employment, joint venture, conspiracy, agreement, management company agreement and /or service with the approval, knowledge, authority, permission and/or consent of the remaining defendants.

8.  JURISDICTION

   (1)  This is an action arising under Federal Law, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA).

   (2)  This is an action arising under the Nevada Revised Statute 689B et seq.

   (3)  This is an action arising under the Nevada Revised Statute 687B et seq.

   (4)  This is an action arising under the Nevada Revised Statute 695D et seq.

2

## FIRST CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

9. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On January 31, 2015 plaintiffs filed their first level appeal of the decision. Defendants breached their statutory duty in failing to respond to plaintiffs first appeal.

## SECOND CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

10. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On March 16, 2015 plaintiffs filed their second level appeal of the decision. Defendants breached their statutory duty in failing to respond to plaintiffs second appeal.

## THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

11. Contract law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On January 31, 2015 plaintiffs filed their first level appeal of the decision. Defendants breached their contractual duty in failing to respond to plaintiffs first level appeal.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

12.     Contract law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On March 16, 2015 plaintiffs filed their second level appeal of the decision. Defendants breached their contractual duty in failing to respond to plaintiffs second level appeal.

### FIFTH CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

13.     Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On January 31, 2015 plaintiffs filed their first level appeal of the decision. Plaintiffs appeal was based on Mrs. Sanzaro's emergency medical situation. While Mrs. Sanzaro was visiting her daughter in Indiana, she suffered high pain levels requiring hospitalization for several weeks. Because of Mrs. Sanzaro's extremely high pain levels while she was hospitalized for several weeks, she was incapable of making any decisions. Defendants breached their statutory duty in denying plaintiffs first level appeal by failing to inquire and/or failing to consider Mrs. Sanzaro's incapacity while hospitalized as an exemption or waiver to Cobra's 30 day grace period.

### SIXTH CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

14.     Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On March 16, 2015 plaintiffs filed their second level appeal of the decision. Plaintiffs appeal was based on

Mrs. Sanzaro's emergency medical situation. While Mrs. Sanzaro was visiting her daughter in Indiana, she suffered high pain levels requiring hospitalization for several weeks. Because of Mrs. Sanzaro's extremely high pain levels while she was hospitalized for several weeks, she was incapable of making any decisions. Defendants breached their statutory duty in denying plaintiffs second level appeal by failing to inquire and/or failing to consider Mrs. Sanzaro's incapacity while hospitalized as an exemption or waiver to Cobra's 30 day grace period.

SEVENTH CAUSE OF ACTION

BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

15. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On January 31, 2015 plaintiffs filed their first level appeal of the decision. Defendants breached their statutory duty by failing to consider and/or granting the tolling of time to be added to the 30 day grace period to pay plaintiffs monthly Cobra premium due to Mrs. Sanzaro's incapacity while hospitalized.

EIGHTH CAUSE OF ACTION

BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

16. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On March 16, 2015 plaintiffs filed their second level appeal of the decision. Defendants breached their statutory duty by failing to consider and/or granting the tolling of time to be added to the 30 day grace period to pay plaintiffs monthly Cobra premium due to Mrs. Sanzaro's incapacity while

hospitalized.

## NINTH CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

17. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 13, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits were cancelled for non-payment of monthly premiums. On September 13, 2015, plaintiffs sent a letter to the defendants that plaintiffs appeal was not responded to. Defendants failed to respond to the plaintiffs letter. Defendants breached their statute duty by failing to respond to plaintiffs letter regarding plaintiffs appeal.

## TENTH CAUSE OF ACTION

### BREACH OF STATUTORY DUTY (FEDERAL AND STATE)

18. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 5, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits will expire on February 28, 2015. On January 31, 2015, plaintiffs sent a notice that both plaintiffs were disabled and would like to extend their coverage of Cobra. Defendants breached their statutory duty by refusing to extend plaintiffs coverage for the disabled.

## ELEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT

19. Contract law imposes a duty on defendants to act reasonably and according to the contract. On January 5, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits will expire on February 28, 2015. On January 31, 2015, plaintiffs sent a notice that both plaintiffs were disabled and would like to extend their coverage of Cobra. Defendants breached their contractual duty by refusing to extend plaintiffs coverage for the disabled.

## TWELFTH CAUSE OF ACTION

## BREACH OF STATUTORY DUTY (NEVADA REVISED STATUTE)

20. Statutory law imposes a duty on defendants to act reasonably and according to the laws in the performance of their duties. On January 5, 2015, defendants notified plaintiffs that plaintiff's Cobra benefits will expire on February 28, 2015. Under the provisions of Nevada Revised Statute 687B.420 defendants failed to provide plaintiffs with a 60 day notice that their Cobra insurance would expire.

## THIRTEENTH CAUSE OF ACTION

## NEGLIGENCE

21. Contract and statutory law imposed a duty on defendants to act reasonably and according to Federal and Nevada State statutes, case laws and contract in the performance of their duties. On or about November 22, 2015, plaintiffs contacted defendants by phone and informed defendants that plaintiffs have never received a response to their appeals. Defendants informed plaintiffs that the mistake was the post office's because their records indicated that the response to the appeals was mailed. Plaintiffs requested another notice be mailed. Defendants refused. Defendants were negligent in the performance of their duties which caused injury to the plaintiffs.

## FOURTEENTH CAUSE OF ACTION

## NEGLIGENCE

22. Contract and statutory law imposed a duty on defendants to act reasonably and according to Federal and Nevada State statutes, case laws and contract in the performance of their duties. On December 1, 2015, plaintiffs mailed a letter to defendants explaining that when a phone call was placed on November 22, 2015, the person would not send a copy of their denial of their

7

appeal because it was a postal error, not theirs. In the letter, plaintiffs asked for a copy of the reason their appeal was denied. Defendants failed to respond to this letter. Defendants continually refuse to inform plaintiffs why their appeal was denied. Defendants were negligent in the performance of their duties which caused injury to the plaintiffs.

## FIFTEENTH CAUSE OF ACTION

## NEGLIGENCE

23. Contract and statutory law imposed a duty on defendants to act reasonably and according to Federal and Nevada State statutes, case laws and contract in the performance of their duties. Defendants were negligent in the performance of their duties which caused injury to the plaintiffs. The defendants were negligent for breaching their statutory and contractual duties for the Causes of Action noted in this Complaint.

24. Plaintiff's damages are estimated at $100,000 for the defendants breach of Federal and State Statutes, case laws, contract and negligence noted in Causes of Action One through Fourteenth.

**WHEREFORE,** plaintiffs pray for judgment against defendants as follows:

　　　　1.　　General and compensatory damages according to proof but, in an amount estimated to be not less than $100,000;

　　　　2.　　An award of attorney's fees (if any) and costs of suit incurred herein;

　　　　3.　　For such other and further relief as the Court deems just and proper.

Dated: September 20, 2016

Deborah Sanzaro

Michael Sanzaro

8